IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VINCENT PARRISH, JR. #203 765, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13-CV-763-TMH |
| | ) | [WO] |
| A.D.O.C. CENTRAL REVIEW | ) | |
| COMMITTEE, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate incarcerated at the Elmore Correctional Facility in Elmore,

Alabama, filed this *pro se* 42 U.S.C. § 1983 action on October 18, 2013, against the Alabama

Department of Corrections Central Review "Committee."[1]  He complains that information

regarding his offense of which he was not convicted  is improperly being used by Defendant

to classify him as a restricted offender.  Plaintiff characterizes this information as false and

maintains that Defendant may not classify inmates based on false and erroneous information.

He, therefore, requests that such information be expunged from his file.   (*Doc. No. 1.*)

Upon review of the complaint, the court concludes that dismissal of this case prior to

service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] The Alabama Department of Corrections has a Central Review Board which reviews the security
level, custody, and placement recommendations for inmates made by institutional classification
specialists and supervisors, for approval, denial, or amendment.  *See* Alabama Department of
Corrections Administrative Regulation 400. *Available at http://www.doc.alabama.gov.*

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint
screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires

# I.  DISCUSSION

*A.  The Central Review Board*

The law is well established that state agencies and the divisions thereof are immune from suit.  *Papasan v. Allain*, 478 U.S. 265 (1986).  Thus, Plaintiff's claim against the Alabama Department of Corrections Central Review Board  is "based on an indisputably meritless legal theory" and is, therefore, subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Even if Plaintiff were allowed to amend his complaint in order to name a proper defendant(s), the allegations in his complaint entitle him to no relief for the following reasons.

*B.  The False Information Claim*

Plaintiff argues that prison officials improperly relied on the facts underlying his murder  offense to classify him as a restricted offender and deny him placement in a lower custody status.   Specifically, Plaintiff complains that prison officials' reliance on information contained in his pre-sentence investigation report that "defendant took the victim's backpack, is false and erroneous, where the jury did not find the plaintiff guilty of murder and robbery or any other offense associated with the murder.  Therefore, as a matter of law[,] once the plaintiff was put on trial for murder and robbery, and only found

---

the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

guilty for murder the robbery/theft and all associated information forming the robbery became invalid for consideration.  (*Doc. No. 2* at 1-2 and Attachment).  This claim is devoid of merit.

The law is settled that state officials may not deny or restrict access to less restrictive custody classifications for arbitrary or capricious reasons.  *Hendking v. Smith*, 781 F.2d 850, 852 (11th Cir. 1986) (classification system contains no inherent constitutional invalidity, but becomes constitutionally offensive only if "the regulation is administered maliciously or in bad faith.").   The consideration of all details surrounding an inmate's criminal convictions when determining the inmate's custody classification, however, does not implicate the Constitution as it is rationally related to the legitimate state interest of ensuring that only those inmates best suited for lower custody classifications are actually placed therein.  *Cf. Conlogue v. Shinbaum*, 949 F.2d 378 (11th Cir. 1991); *see also Thornton v. Hunt*, 852 F.2d 526 (11th Cir. 1988).   Moreover, prison officials' reliance on the facts underlying Plaintiff's murder  conviction to classify him as a restricted offender and deny him a lower security and/or custody level is likewise not violative of the Constitution as it is the nature of the crime, not the type or nomenclature of the conviction, which legitimately may be used by prison authorities to determine the security and classification status of prisoners.  *Hendking v. Smith*, 781 F.2d 850 (11th Cir. 1986).  In light of the foregoing, the court concludes that prison officials' conduct in relying on the circumstances of the crime for which Plaintiff was convicted to determine his classification

status is "not arbitrary and capricious, but reasonable and appropriate." *Id.* at 852.

## C.  The Classification Claim

To the extent Plaintiff complains that prison officials have violated his due process rights by classifying him as a restricted offender which adversely impacts his ability to achieve a more favorable security and/or custody level, such claim likewise entitles him to no relief.  Even if Plaintiff's classification status is incorrect, his constitutional rights have not been violated.

An inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Because Plaintiff has no constitutionally protected interest in the level of his custody classification, correctional officials may assign him to any classification level without implicating the protections of due process.

## D. The Equal Protection Claim

Plaintiff alleges that prison officials' consideration of matters underlying his murder offense of which he was not convicted to classify him as a restricted offender violates his right to equal protection where other inmates convicted of murder are not subject to this restricted status.  According to Plaintiff, "absent the 'false information' that [he] took the victim's backpack during or after the murder, [he] could not be considered in the category

for consideration and review for the placement of the "R" suffix." (*Doc. No. 2 at* 3-4)

In order to establish a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006). "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... [An allegation] of ... discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977). "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case such as this one, where Plaintiff challenges actions of correctional officials, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988).  Moreover, mere differential treatment of

5

similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Plaintiff fails to meet his pleading burden as he does not allege that Defendants subjected him to adverse treatment based on some constitutionally impermissible reason; rather, he simply makes the conclusory assertion that differential treatment resulted in an equal protection violation. To the extent Plaintiff relies on the fact that some inmates convicted of murder other than himself have not been classified as restricted offenders as the basis for this claim, as explained, the law is well settled that the mere differential treatment of inmates fails to constitute a violation of the Equal Protection Clause. *E & T Realty*, *supra*.

Based on the foregoing, the court concludes that Plaintiff's claim of discrimination does not rise to the level of an equal protection violation and, therefore, provides no basis for relief in this 42 U.S.C. § 1983 action.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i-iii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **November 7, 2013**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of October, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE